**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Jay S. Hellman, Esq.
David J. Mahoney, Esq.
Wade C. Wilkinson, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------------------------x
In re:

AGAPE WORLD, INC.,
AGAPE MERCHANT ADVANCE LLC,
AGAPE COMMUNITY LLC, AGAPE
CONSTRUCTION MANAGEMENT LLC,
AGAPE WORLD BRIDGES LLC, AND
114 PARKWAY DRIVE SOUTH LLC,

                          Debtors.
-------------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of Agape World, Inc., *et al.*

                          Plaintiff,

    -against-

MARTY HARTMANN,

                          Defendant.
-------------------------------------------------------------------x

Chapter 7
Case No. 09-70660 (DTE)
Substantively Consolidated

Adv. Pro. No. 10-_____ (DTE)

## **COMPLAINT**

      Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee" or "Plaintiff") of the substantively consolidated bankruptcy estate of Agape World, Inc., *et al.* (the "Debtor" or "Agape") by his attorneys, SilvermanAcampora LLP, complaining of defendant Marty Hartmann (the "Defendant") alleges as follows:

### **Nature of the Action**

      1.    This adversary proceeding is commenced pursuant to 11 U.S.C. §§105, 502, 547, 550 and 551, to set aside and recover transfers made by the Debtor to Defendant.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§105(a), 502, 547, 550 and 551.

4. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(F), and 157(b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

**Parties and Procedural History**

6. At all relevant times, Agape World, Inc. was a domestic corporation with principal places of business located at 150 Motor Parkway, Suite 106, Hauppauge, New York; 64-13B Grand Avenue, Maspeth, New York; and 82-11 37th Avenue, Suite 602, Jackson Heights, New York.

7. On February 5, 2009 (the "Filing Date"), an involuntary chapter 7 petition was filed by four petitioning creditors (the "Petitioning Creditors") pursuant to 11 U.S.C. §303(b), against Agape World, Inc., in the United States Bankruptcy Court for the Eastern District of New York.

8. On February 9, 2009, the Petitioning Creditors filed a motion to appoint an interim chapter 7 trustee under 11 U.S.C. §303(g).

9. On February 12, 2009, this Court granted the Petitioning Creditors' motion and entered an order directing the United States Trustee's Office to immediately appoint an interim chapter 7 trustee in the Agape World, Inc. case.

10. On February 12, 2009, Kenneth P. Silverman, Esq., was appointed the interim trustee in the Agape World Inc. case, and has since duly qualified as is now the permanent Trustee in Agape World, Inc. substantively consolidated case.

11. On March 4, 2009, the Court issued an Order for relief in the Agape World, Inc.

chapter 7 case.

12. On April 14, 2009, the Court issued an Order substantively consolidating Agape World, Inc., Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC.

13. Upon information and belief, Defendant was and is an individual currently residing at 60 Highwater Avenue, Massapequa, New York 11758.

### Background Facts Common To All Claims For Relief

14. Upon information and belief, since at least 1999 Agape was purportedly operating as a bridge lender, whereby investors were advised that Agape provided short-term bridge loans to commercial borrowers in order to generate high rates of return.

15. Prior to the Filing Date, various "brokers" and "sub-brokers" of Agape, recruited third-parties to invest money with the Debtor.

16. Upon information and belief, the Debtor, and the various "brokers" and/or "sub-brokers" offered contracts to various third-parties to induce those third-party "investors" to "invest" in the purported bridge loans.

17. Upon information and belief, pursuant to the terms of the various contracts entered into between the Debtor and the purported investors, those investors were permitted to receive payments from their purported investments in the form of "interest payments" or, alternatively, the purported investors were permitted to "roll-over" their investments to a future bridge loan offered.

18. Defendant was one such third party, who, pursuant to various contracts with the Debtor, was purportedly entitled to receive payments under the contracts allegedly arising out of Defendant's "investment."

19. Upon information and belief, between November 7, 2008 and the Filing Date, Defendant received a transfer from Agape in an amount to be determined at trial, but in no event less than Eight Thousand Nine Hundred Seventy-Three Dollars And Ninety-One Cents

($8,973.91) (the "Preferential Transfer").

**First Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

20. The Preferential Transfer, in an amount to be determined at trial, but in no event less than Eight Thousand Nine Hundred Seventy-Three Dollars And Ninety-One Cents ($8,973.91) was made within ninety (90) days of the Filing Date.

21. Upon information and belief, the following Preferential Transfer was made:

| **Date Cleared** | **Check Number** | **Amount** |
|---|---|---|
| 01/21/09 | 4736 | $8,973.91 |
| **TOTAL** | | $8,973.91 |

22. The Preferential Transfer was made within ninety (90) days of the Filing Date.

23. The Preferential Transfer was made while the Debtor was insolvent.

24. The Preferential Transfer was made from one of the Debtor's several bank accounts, and constituted a transfer of Agape's interest in property.

25. The Preferential Transfer was to, or for the benefit of, Defendant, a creditor of Agape.

26. The Preferential Transfer was made on account of antecedent debts that the Debtor owed to Defendant pursuant to various contracts the Debtor and Defendant entered into before the Preferential Transfer was made.

27. Upon information and belief, pursuant to the terms of the various contracts entered into between the Debtor and Defendant, Defendant was permitted to receive payments from Defendant's purported investments in the form of "interest payments" or, alternatively, Defendant was permitted to "roll-over" his investments to a future bridge loan.

28. The Preferential Transfer enabled Defendant to receive more than he would have received if: (a) Agape's case was filed under chapter 7 of the Bankruptcy Code; (b) the Preferential Transfer had not been made; and (c) Defendant received payment of his claim as provided under chapter 7 of the Bankruptcy Code.

29. The Preferential Transfer was made on account of an antecedent debt owed by Agape to Defendant, the Preferential Transfer constituted an avoidable transfer pursuant to Bankruptcy Code §547(b) and, in accordance with Bankruptcy Code §550(a), the Trustee may recover the amount of the Preferential Transfer from Defendant, plus appropriate interest thereon.

30. Based upon the foregoing, Plaintiff is entitled to a judgment (i) avoiding the Preferential Transfer, and (ii) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount equal to the Preferential Transfer which amount is, in no event, less than Eight Thousand Nine Hundred Seventy-Three Dollars And Ninety-One Cents ($8,973.91) plus appropriate interest thereon.

### Second Claim For Relief Against Defendant
**(incorporating all previous allegations)**

31. Upon information and belief, Defendant has filed or may file a proof of claim against the Debtor.

32. Defendant is the recipient of the Preferential Transfer that constituted an avoidable transfer under Bankruptcy Code §§547(b).

33. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Bankruptcy Code §550.

34. Based upon the foregoing, and in accordance with Bankruptcy Code §502(d), any claims filed by Defendant against the Debtor should be disallowed unless and until Defendant returns the Preferential Transfer to the Trustee.

**WHEREFORE**, plaintiff Kenneth P. Silverman, Esq., the chapter 7 Trustee demands judgment:

(a) against Defendant on the Trustee's first claim for relief (a) avoiding the Preferential Transfer pursuant to 11 U.S.C. §547(b), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering the Preferential Transfer in the sum of Eight Thousand Nine Hundred Seventy-Three Dollars And Ninety-One Cents ($8,973.91) from Defendant plus appropriate interest thereon; and

    (b)    against the Defendant on the Trustee's second claim for relief pursuant to 11 U.S.C. §502(d) disallowing any claim of Defendant against the Debtor unless and until Defendant returns the Preferential Transfer to the Trustee; and

    (c)    For such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
       November 1, 2010

          **SILVERMANACAMPORA LLP**
          Attorneys for Plaintiff Kenneth P. Silverman, Esq.
          the Chapter 7 Trustee

          By:    s/ David J. Mahoney
                 Jay S. Hellman, Esq.
                 David J. Mahoney, Esq.
                 Members of the Firm
                 100 Jericho Quadrangle, Suite 300
                 Jericho, New York 11753
                 (516) 479-6300